OPINION
In December 1995, defendant-appellant, Jay B. Tyner, was indicted for violating R.C. 2919.21(A)(2) (nonsupport or contributing to nonsupport of dependents), a fourth-degree felony. Tyner moved to dismiss the indictment. The trial court denied his motion. On August 16, 1996, Tyner entered a plea of no contest and was found guilty. Tyner timely filed this appeal.
Tyner presents the following assignment of error for review:
 THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, THE TRIAL COURT ERRED IN REFUSING TO REDUCE THE CHARGE FROM A FELONY TO A MISDEMEANOR.
The sole question presented by Tyner's appeal is whether, under R.C. 2919.21(A)(2) and (E), the state must wait one hundred four weeks before it can bring a felony charge against an individual who has missed twenty six weeks of support payments. R.C. 2919.21
states:
 (A) No person shall abandon, or fail to provide adequate support to:
* * *
 (2) His or her legitimate or illegitimate child who is under age eighteen, or mentally or physically handicapped child who is under age twenty-one;
* * *
 (E) Whoever violates division (A) of this section is guilty of nonsupport of dependents, a misdemeanor of the first degree. If * * * there has been a court finding that the offender has failed to provide support under division (A)(2) of this section for a total accumulated period of twenty-six weeks out of one hundred four consecutive weeks, whether or not the twenty-six weeks were consecutive, then a violation of division (A)(2) of this section is a felony of the fourth degree.
This issue was considered by the Fifth District Court of Appeals which held that the felony of nonsupport is complete when the offender has missed twenty-six weekly payments within a one hundred four week period. The state is not required to wait one hundred four weeks to indict an offender for committing this felony. See State v. Marcus (Apr. 19, 1996), Delaware App. No. 95CA-A-08-054, unreported at 2. We concur with this conclusion and with that court's analysis, which states, in part:
 Contrary to the arguments set forth by appellee, we believe the statute's inclusion of the 104 week time period is not intended to provide a "grace period" in which an offender may "make up" arrearages, but rather to set an outer limit on how far apart an offender's 26 missed weeks may lawfully be. This reading of the statute accomplishes what we find to be the fundamental ends of this legislation — encouraging potential offenders to pay missed support sooner rather than later (i.e., prior to the running of the 26th week rather than prior to the running of the 104th week); swiftly punishing those offenders who miss 26 weeks of support; and protecting potential offenders by setting parameters on how far apart the 26 missed weeks of support may be.
Accordingly, we find that the trial court did not err when it denied Tyner's motion to dismiss. The assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and POWELL, J. concur.